1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                        **WESTERN DIVISION**

11  SYLVESTER FLOYD,                )
                                    )
12                  Petitioner,     )   Case No.  CV 12-4930-SJO(AJW)
                                    )
13  vs.                             )
                                    )
14  R.L. GOWER, Warden,             )   MEMORANDUM AND ORDER
                                    )   DISMISSING PETITION[1]
15              Respondent.         )
    _____)

16

17        In 2002, petitioner was convicted of possession of a firearm by a

18  felon in Los Angeles County Superior Court Case No. YA051229.  Pursuant

19  to the Three Strikes Law, petitioner was sentenced to state prison for

20  a term of 25 years to life. [Petition at 2].

21        On March 17, 2004, petitioner filed a habeas petition in this

22  Court.  Floyd v. Prosper, Case No. CV 04-1801-SJO(AJW).  The petition

23  was denied on the merits on September 30, 2004.  Both this Court and

24  the Ninth Circuit Court of Appeals denied petitioner's request for a

25  certificate of appealability.

26

27  _____

28        [1]  Some of the following facts are obtained from the Court's
    files concerning petitioner's prior petitions.  The Court takes
    judicial notice of such official court files.  See Fed. R. Civ. P. 201;
    Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001).

In 2008, petitioner filed a second petition in this Court challenging his 2002 conviction. Case No. CV 08-5985-SJO(AJW). That petition was dismissed as successive.

The present petition was filed on June 5, 2012. Like the petitions previously filed by petitioner, this petition challenges the validity of petitioner's 2002 conviction and sentence in the Los Angeles County Superior Court. [Petition at 2].

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a second or successive petition may be pursued. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Felker v. Turpin, 518 U.S. 651, 656-657 (1996). Absent authorization from the court of appeals, this court lacks jurisdiction over this second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir.), cert. denied, 519 U.S. 1102 (1997).

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition, this court lacks jurisdiction to

1 consider it.  Accordingly, the petition for a writ of habeas corpus is

2 dismissed for lack of jurisdiction.

3           **June 13, 2012.**

4 Dated: _____

5

6                                    _____

7                                    S. James Otero
                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SYLVESTER FLOYD,                          )
                                          )
                Petitioner,               )   Case No.  CV 12-4930-SJO(AJW)
                                          )
vs.                                       )
                                          )
R.L. GOWER, Warden,                       )   JUDGMENT
                                          )
                Respondent.               )
_____)

    **It is hereby adjudged** that the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.


Dated: _____


                                    _____
                                    S. James Otero
                                    United States District Judge